1  VENABLE LLP
   Douglas C. Emhoff (SBN 151049)
2  Justin J. Lowe (SBN 223847)
   Jennifer Levin (SBN 252420)
3  2049 Century Park East, Suite 2100
   Los Angeles, CA 90067
4  Telephone:  (310) 229-9900
   Facsimile:  (310) 229-9901
5  E-Mail:  demhoff@venable.com
   E-Mail:  jlowe@venable.com
6  E-Mail:  jlevin@venable.com

7
8  Attorneys for Defendant,
   Wal-Mart Stores, Inc.

9

10  **UNITED STATES DISTRICT COURT**

11  **CENTRAL DISTRICT OF CALIFORNIA**

12

13  MARYLYNN GRIKAVICIUS,                    CASE NO. **CV11-2314** REK
    individually and on behalf of all others                    (VBKx)
14  similarly situated,

15
                     Plaintiff,            **NOTICE OF REMOVAL OF**
16                                          **CIVIL ACTION**

17           v.

18
19  WAL-MART STORES, INC., a Delaware      [28 U.S.C. §§ 1332(d), 1441, 1446,
    Corporation, and DOES 1 through 200,    and 1453]
20  inclusive,

21
                                            Complaint Filed: February 14, 2011
22                   Defendants.

23

24

25

26

27

28

LA/299020                                  NOTICE OF REMOVAL OF CIVIL ACTION

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA. 90067
310-229-9900

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD:

Pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to this Court. Removal of this action is proper for the following reasons:

1. Plaintiff Marylynn Grikavicius ("Plaintiff") filed a civil action in the Superior Court of the State of California, County of Los Angeles, against Wal-Mart on or about February 14, 2011. Said action, entitled *Marylynn Grikavicius v. Wal-Mart Stores, Inc., et al.*, Case No. BC 454993 (the "Complaint"), alleged violations of the Song-Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747.08 ("§ 1747.08"). A copy of the Complaint is attached hereto as Exhibit "A." A copy of Wal-Mart's Answer is attached hereto as Exhibit "B." Copies of all other pleadings filed in the state court action are attached hereto as Exhibit "C."

2. Wal-Mart was served with the Complaint on February 16, 2011.

3. This removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days after service of the summons and complaint.

4. The Class Action Fairness Act of 2005 ("CAFA") creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these three requirements is met.

## THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

5. While the Complaint does not specifically allege the number of putative class members, Plaintiff defines the putative class to contain "all persons in California who used a credit card for the payment of goods purchased from

1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1   [Wal-Mart] . . . "  (Complaint, ¶ 15).  As set forth in the Declaration of John

2   Drechny, Wal-Mart has processed significantly greater than 5,001 credit card

3   transactions in California in the past year and those transactions correspond to

4   more than 100 different consumers (Declaration of John Drechny, ¶ 5 ).

5   Accordingly, the putative class consists of more than 100 members as required by

6   CAFA.

7              THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

8          6.       While Plaintiff seeks to avoid removal by alleging that the aggregate

9   damages do not exceed $5,000,000 (Complaint, ¶ 4), such a claim is untenable.  In

10  *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199, 1202 (E.D. Cal.

11  2008), a class action alleging violations of § 1747.08,  the complaint at issue

12  alleged that the maximum statutory penalty per violation was $1,000 but did not

13  allege a total amount of damages.  The court treated the complaint as having not

14  alleged a specific amount in damages and stated that the removing defendant must

15  show "by a preponderance of the evidence that the amount in controversy exceeds

16  the statutory minimum (in this case, $5,000,000 per CAFA)."  *Id.* at 1204 (citing

17  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).  The

18  court held that the amount in controversy would be satisfied if the defendant could

19  show that there were at least 5,001 putative class claims, which it did by

20  submitting a declaration stating that it had processed more than 5,000 credit card

21  transactions in California within one year prior to the litigation.  *Id.* at 1205–06.

22         7.       Here, although Wal-Mart denies all liability for claims alleged in the

23  Complaint, the amount in controversy requirement that the aggregate claims of the

24  class exceeds $5,000,000 is met.  Wal-Mart has processed significantly greater

25  than 5,001 credit card transactions in California in the past year (Declaration of

26  John Drechny, ¶ 5 ).  Plaintiff seeks penalties of up to $1,000 per violation

27  (Complaint, Prayer for Relief ¶ 1).  With over 5,001 putative class claims, each

28  subject to a penalty of up to $1,000 as sought by Plaintiff, it is not possible that the

2

amount in controversy could be less than $5,000,000 despite Plaintiff's conclusory allegation.[1]  The amount in controversy requirement has therefore been met.

## DIVERSITY OF CITIZENSHIP

8.      Here, diversity of citizenship exists because Plaintiff is a citizen of the State of California and Wal-Mart is not.  Wal-Mart's principal place of business is not California, and Wal-Mart was not incorporated under the laws of the State of California.[2]

9.      In *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010), the Supreme Court of the United States held that for purposes of diversity jurisdiction, a corporation's principal place of business must be where its "high level officers direct, control and coordinate the corporation's activities."  Otherwise known as its "nerve center," the Court stated that the principal place of business would typically be a corporation's headquarters.  *Id.*  The Court definitively rejected other tests for determining the principal place of business of a corporation, such as the business activities test, in favor of having one straightforward rule: the principal place of business refers to the nerve center.  *Id.* at 1192–94.  Here, Wal-Mart's corporate headquarters is located in Bentonville, Arkansas ("Arkansas Headquarters"), and includes many of its administrative and executive offices.  (Declaration of John Drechny, ¶ 4).  Wal-Mart's high ranking officers are principally located at the Arkansas Headquarters, and from there, they direct, control and coordinate most of the corporations' activities.  (Declaration of John Drechny, ¶ 4).  Furthermore, Wal-Mart's core executive and administrative functions, including without

---

[1] Furthermore, the case styled as *Landeros v. Wal-Mart Stores, Inc.*, Case Number CV 11-1635 PA (PJWx) is currently pending in the Central District of California. The plaintiff in the *Landeros* case alleges a similar putative class and similar claims against Wal-Mart.  The *Landeros* plaintiff specifically alleges more than $5,000,000 in damages.

[2] Wal-Mart is incorporated under the laws of the State of Delaware (Declaration of John Drechny, ¶ 3).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

LA/299020                                                                NOTICE OF REMOVAL OF CIVIL ACTION

1   limitation, business forecasting and planning, and maintenance of much of Wal-

2   Mart's electronic information, are carried out at the Arkansas Headquarters.

3   (Declaration of John Drechny, ¶ 4).  Thus, under *Hertz Corp.*, Wal-Mart's

4   principal place of business is in Arkansas, not California.

5         10.   Because the putative class exceeds 100 members, the amount in

6   controversy exceeds $5,000,000, and there is diversity of citizenship, removal is

7   warranted.

8         WHEREFORE, Defendants remove this action now pending in the Superior

9   Court of the State of California, County of Los Angeles, Case No. BC 454993, to

10   the United States District Court for the Central District of California.

11

12   Dated:  March 17, 2011                    VENABLE, LLP

13

14                                            By: _____

15                                            Douglas C. Emhoff
                                             Attorneys for Defendant
16                                            Wal-Mart Stores, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

LA/299020                                              NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

1 | R. Duane Westrup, State Bar No. 58610
Phillip R. Poliner, State Bar No. 156145
2 | WESTRUP KLICK, LLP
444 West Ocean Boulevard, Suite 1614
3 | Long Beach, California 90802-4524
Telephone: (562) 432-2551
4 | Facsimile: (562) 435-4856

5 | Attorneys for Plaintiff MARYLYNN GRIKAVICIUS

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 14 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

6

7

8 |               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 |                      **FOR THE COUNTY OF LOS ANGELES**

10 |                                              B C 4 5 4 9 9 3

11 | MARYLYNN GRIKAVICIUS individually )     Case Number:
and on behalf of others similarly )
12 | situated, )                              **CLASS ACTION**

13 |               Plaintiff, )               **COMPLAINT FOR VIOLATION OF**
)                                            **CIVIL CODE § 1747.08**
14 |        vs. )

15 | WAL-MART STORES, INC., a )
Delaware corporation, and DOES 1 )
16 | through 200, inclusive, )

17 |               Defendants. )

18

19

20 |        Plaintiff MARYLYNN GRIKAVICIUS ("Plaintiff"), on behalf of herself and all others

21 | similarly situated, complains and alleges upon information and belief based, among other

22 | things, upon the investigation made by Plaintiff by and through her attorneys, as follows:

23

24 |                                        I.

25 |                              **INTRODUCTION**

26 |        1.     This action arises from violations of California *Civil Code* section 1747.08

27 | by Defendant WAL-MART STORES, INC. ("Defendant"), by and through Defendant's

28 | requesting and recording of customers' personal identification information which includes,

1

**COMPLAINT**

1  but is not limited to, address, phone number, and ZIP code, in conjunction with their credit

2  card transactions, at Defendant's retail establishments. Plaintiff does not seek any relief

3  greater than, or different from, the relief sought for the class of which Plaintiff is a member.

4  The action, if successful, will enforce an important right affecting the public interest and

5  would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of

6  persons. Private enforcement is necessary and places a disproportionate financial burden

7  on Plaintiff in relation to Plaintiff's stake in the matter.

8

9                                        II.

10                         **JURISDICTION AND VENUE**

11       2.      This Court has jurisdiction over the action pursuant to *Code of Civil*

12  *Procedure* § 410.10 and pursuant to California Constitution, Article VI, § 10.

13       3.      Defendant does business in the State of California, and in the County of

14  Los Angeles.   Defendant accepted credit cards for transaction of business throughout

15  California, including the County of Los Angeles, which has caused both obligations and

16  liability of Defendant to arise in the County of Los Angeles.  Further, Plaintiff resides in the

17  County of Los Angeles.

18       4.      The amount in controversy exceeds the jurisdictional minimum of this court.

19  However, the amount in controversy with respect to Plaintiff's individual claim and each

20  member of the proposed class in this action does not exceed $74,999, and the aggregate

21  claim does not exceed $5 million.

22

23                                       III.

24                              **THE PARTIES**

25       5.      Plaintiff is a resident of Los Angeles County, California.

26       6.      Defendant, a Delaware corporation, operates retail stores nationwide and

27  has dozens of stores in California (Defendant's "Store" or "Stores") including in Los Angeles

28  County.

                                          2

                                     **COMPLAINT**

1        7.     Except as described herein, Plaintiff is ignorant of the true names of

2 defendants sued as DOES 1 through 200, inclusive, and the nature of their wrongful

3 conduct, and therefore sues these DOE defendants by such fictitious names. Plaintiff will

4 seek leave of the Court to amend this complaint to allege their true names and capacities

5 when ascertained. Defendant and DOE defendants are hereinafter collectively referred to

6 as "Defendants."

7        8.     At all times herein mentioned, Defendants, and each of them, were agents

8 or joint venturers of each of the other Defendants, and in doing the acts alleged herein, were

9 acting within the course and scope of such agency. Each of the Defendants had actual

10 and/or constructive knowledge of the acts of each of the other Defendants, and ratified,

11 approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant,

12 and/or retained the benefits of said wrongful acts.

13        9.     Defendants, and each of them, aided and abetted, encouraged and

14 rendered substantial assistance to the other Defendants in breaching their obligations to

15 Plaintiff and the class, as alleged herein. In taking action, as particularized herein, to aid and

16 abet and substantially assist the commissions of these wrongful acts and other wrongdoings

17 complained of, each of the Defendants acted with an awareness of its primary wrongdoing

18 and realized that its conduct would substantially assist the accomplishment of the wrongful

19 conduct, wrongful goals, and wrongdoing.

20

21 **IV.**

22 **CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

23        10.     In January of 2011, Plaintiff went to one of Defendant's Stores located in

24 Santa Fe Springs, California, to purchase a product from Defendant.

25        11.     During each of the above dates, Plaintiff entered Defendant's Store and

26 proceeded to select a certain product from the store that Plaintiff intended to purchase.

27        12.     After selecting the item, Plaintiff proceeded to pay for the item selected

28 through the use of her credit card.

3

COMPLAINT

13.     In conjunction with the above, as part of Defendant's policy to capture customers' personal identification information, Defendant's employee requested that Plaintiff provide her ZIP code to Defendant as a condition to accepting the credit card as payment.

14.     Plaintiff, believing that she was required to provide her ZIP code to complete the transaction, gave Defendant's employee the information. It is believed that Defendant's employee recorded the information and then completed the transaction.

## V.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this class action against Defendant, pursuant to California *Code of Civil Procedure* section 382, on behalf of herself and all persons in California who used a credit card for the payment of goods purchased from Defendant and for whom Defendant recorded personal identification information, during the one-year period prior to the filing of this complaint through the date of entry of judgment ("Class"). Excluded from the Class are those persons for whom personal identification information was required for shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders.

16.     . The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

17.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as

4

1  a class action.

2       18.   There is a well-defined community of interest among the members of the

3  Class because common questions of law and fact predominate, Plaintiff's claims are typical

4  of the members of the class, and Plaintiff can fairly and adequately represent the interests

5  of the class.

6       19.   Common questions of law and fact exist as to all members of the Class and

7  predominate over any questions affecting solely individual members of the Class. Among

8  the questions of law and fact common to the Class are:

9       a.   Whether Defendant had a practice of requesting Class members to

10  provide any personal identification information in connection with the use of his/her credit

11  card;

12       b.   Whether Defendant had a practice of requiring Class members to

13  provide any personal identification information, as a condition to accepting his/her credit

14  card;

15       c.   Whether Defendant's practice of capturing the personal identification

16  information of Class members violates California *Civil Code* section 1747.08; and

17       d.   Whether the Class is entitled to penalties as a result of Defendant's

18  practice of capturing the personal identification information.

19       20.   Plaintiff's claim is typical of those of the other Class members because

20  Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

21  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

22  pursuant to California *Civil Code* section 1747.08(e), an injunction, and/or damages.

23       21.   Plaintiff can fairly and adequately represent the interests of the Class, has

24  no conflicts of interest with other Class members, and has retained counsel competent and

25  experienced in class action and civil litigation.

26  / / /

27  / / /

28  / / /

5

**COMPLAINT**

1

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF

2

## CALIFORNIA *CIVIL CODE* § 1747.08

3

## [SONG-BEVERLY CREDIT CARD ACT OF 1971]

4          22.    Plaintiff refers to and incorporates by reference as though set forth fully

5    herein paragraphs 1 through 21 of this Complaint. The time frame for this cause of action

6    is one year before the filing of the original complaint to the date of entry of judgment.

7          23.    California *Civil Code* section 1747.08(a) states, in relevant, part the

8    following:

9                    (a) Except as provided in subdivision (c), no person, firm,
                     partnership, association, or corporation that accepts credit
10                   cards for the transaction of business shall do any of the
                     following:
11
                     (1) Request, or require as a condition to accepting the
12                   credit card as payment in full or in part for goods or
                     services, the cardholder to write any personal identification
13                   information upon the credit card transaction form or
                     otherwise.
14
                     (2) Request, or require as a condition to accepting the
15                   credit card as payment in full or in part for goods or
                     services, the cardholder to provide personal identification
16                   information, which the person, firm, partnership,
                     association, or corporation accepting the credit card writes,
17                   causes to be written, or otherwise records upon the credit
                     card transaction form or otherwise.
18

19          24.    For purposes of *Civil Code* section 1747.08, "personal identification

20    information" means information concerning the cardholder, other than information set forth

21    on the credit card, including, but not limited to, the cardholder's address, telephone number,

22    and ZIP code.

23          25.    Defendant is a retail store that accepts credit cards for the transaction of

24    business.

25          26.    Defendant is engaged in a pattern of unlawful practices by utilizing a

26    personal identification information capture policy, whereby Defendant requests persons, who

27    use a credit card for the payment of goods purchased from Defendant, to provide personal

28    identification information in connection with the use of his/her credit card; and/or requires

6

## COMPLAINT

1. such cardholders to provide personal identification information, as a condition to accepting
2. his/her credit card. After receiving the personal identification information of the cardholder,
3. Defendant records it and then completes the credit card transaction. Based upon
4. information and belief, Defendant uses customers' personal identification information for
5. profit. Defendant's acts and practices as herein alleged were at all times intentional.
6.         27.    It is and was Defendant's routine business practice to intentionally engage
7. in the conduct described in this cause of action with respect to every person who, while
8. using a credit card, purchases any product from any of Defendant's Stores in the State of
9. California.
10.         28.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are
11. entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation
12. pursuant to California *Civil Code* section 1747.08(e).
13.
14.         WHEREFORE, Plaintiff and the Class pray for relief as set forth below.
15.
16.                                 **PRAYER FOR RELIEF**
17.         Plaintiff prays for judgment against Defendants as follows:
18.         1.    For civil penalties in amounts of up to one thousand dollars ($1,000) per
19. violation pursuant to California *Civil Code* section 1747.08(e), an injunction, and/or
20. damages;
21.         2.    That the Court certifies this action as a class action;
22.         3. .    For distribution of any moneys recovered on behalf of the Class of similarly
23. situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent
24. Defendant from retaining the benefits of its wrongful conduct;
25.         4.   . For an award of attorneys' fees as authorized by statute including, but not
26. limited to, the provisions of California *Code of Civil Procedure* § 1021.5, and as authorized
27. under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;
28.         5.    For costs of the suit;

7

6.    For prejudgment interest at the legal rate;

7.    And for such other relief as the Court may deem proper.

Dated: February 11, 2011                WESTRUP KLICK, LLP

By: _____

R. DUANE WESTRUP
WESTRUP KLICK, LLP

Attorneys for Plaintiff MARYLYNN GRIKAVICIUS

8

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| R. Duane Westrup, SBN 58610 WESTRUP KLICK, LLP 444 West Ocean Boulevard, Suite 1614 Long Beach, California 90802-4524 | **CONFORMED COPY ORIGINAL FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES |

TELEPHONE NO.: (562) 432-2551    FAX NO.: (562) 435-4856
ATTORNEY FOR (Name): MARYLYNN GRIKAVICIUS

**FEB 14 2011**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shanya Wesley

CASE NAME:
Grikavicius vs. Wal-Mart Stores, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC454993 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

**2.** This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
**4.** Number of causes of action (specify): One
**5.** This case [✓] is  [ ] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 11, 2011
R. DUANE WESTRUP
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

013

| SHORT TITLE: Grikavicius vs. Wal-Mart Stores, Inc. | CASE NUMBER | B C 4 5 4 9 9 3 |
|---|---|---|

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 14 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shanyn Wesley

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL __7__ ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

014

| SHORT TITLE: Grikavicius vs. Wal-Mart Stores, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: Grikavicius vs. Wal-Mart Stores, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 5. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/11)                **CIVIL CASE COVER SHEET ADDENDUM**         LASC, rule 2.0
LASC Draft 03-04                     **AND STATEMENT OF LOCATION**           Page 3 of 4

| SHORT TITLE: Grikavicius vs. Wal-Mart Stores, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 13310 Telegraph Road | |
|---|---|---|
| CITY: Santa Fe Springs | STATE: CA | ZIP CODE: 90670 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>February 11, 2011</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

| LACIV 109 (Rev. 01/11)<br>LASC Draft 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 4 of 4 |
|---|---|---|

02/15/2011  12:01   5624903439        AM ATTORNEY SERVICE          PAGE  02/03
                                                                   ☎001

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number: BC 454993

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3C). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 415 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 527 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 503 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW ✓ |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, this class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        JOHN A. CLARKE, Executive Officer/Clerk
                                                                    By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)              NOTICE OF CASE ASSIGNMENT –          Page 1 of 2
CASC Approved  05-06                       UNLIMITED CIVIL CASE

018

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.   Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.   Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)                                                                                      Page 1 of 2
LASC Approved 10-03

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3180 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

021

# EXHIBIT B

VENABLE LLP
Douglas C. Emhoff (SBN 151049)
Justin J. Lowe (SBN 223847)
Jennifer Levin (SBN 252420)
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:    (310) 229-9900
Facsimile:    (310) 229-9901
E-Mail:       demhoff@venable.com
E-Mail:       jlowe@venable.com
E-Mail:       jlevin@venable.com

Attorneys for Defendant,
Wal-Mart Stores, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 16 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
AEI LaFLEUR-CLAYTON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

MARYLYNN GRIKAVICIUS, individually
and on behalf of all others similarly
situated,

                    Plaintiff,

        v.

WAL-MART STORES, INC., a Delaware
Corporation, and DOES 1 through 200, inclusive,

                    Defendants.

CASE NO. BC 454993

**WAL-MART STORES, INC.'S
ANSWER TO COMPLAINT**

ACTION FILED: February 14, 2011

*Assigned to Hon. Rolf M. Treu; Dept. 58*

BY FAX

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

LA/298721

WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), for itself alone, hereby answers the unverified Complaint of Plaintiff Marylynn Grikavicius ("Plaintiff") for violation of Civil Code §1747.08 ("Complaint"), as follows

## GENERAL DENIAL

1.     Pursuant to the provisions of Cal. Civ. Proc. Code §431.30(d), Wal-Mart denies, both generally and specifically, each and every allegation in the Complaint, and specifically denies that Plaintiff has been, is, or will be damaged in the amount alleged, or any manner or sum whatsoever, or entitled to any recovery or remedy of any type whatsoever, by reason of any act, conduct, or omission of Wal-Mart.

## AFFIRMATIVE DEFENSES

2.     Without waiving or excusing Plaintiff's burden of proof, and without admitting that Wal-Mart has any burden of proof, Wal-Mart hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3.     As a separate and distinct affirmative defense to each cause of action asserted against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

(Exception for Information Required for a Special Purpose)

4.     As a separate and distinct affirmative defense to each cause of action asserted against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained therein, fails to the extent that Wal-Mart requested or required that Plaintiff or any member of the putative class provide personal identification information where such information was required for a special purpose incidental but related to the individual credit card transaction, including, but not limited to, information relating to shipping, delivery, servicing, or installation of the purchased merchandise, or for special orders.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

THIRD AFFIRMATIVE DEFENSE

2

(Exception for Information Required by Contractual or Legal Obligation)

3

5.    As a separate and distinct affirmative defense to each cause of action asserted

4

against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

5

therein, fails to the extent that Wal-Mart requested or required that Plaintiff or any member of

6

the putative class provide personal identification information where Wal-Mart was contractually

7

obligated to provide such information in order to complete the credit card transaction or was

8

obligated to collect and record the personal identification information by federal law or

9

regulation.

10

FOURTH AFFIRMATIVE DEFENSE

11

(Exception Where Credit Card is Used as a Deposit)

12

6.    As a separate and distinct affirmative defense to each cause of action asserted

13

against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

14

therein, fails to the extent that Wal-Mart requested or required that Plaintiff or any member of

15

the putative class provide personal identification information where the credit card was being

16

used as a deposit to secure payment in the event of default, loss, damage, or other similar

17

occurrence.

18

FIFTH AFFIRMATIVE DEFENSE

19

(Exception Where Credit Card is Used for a Cash Advance)

20

7.    As a separate and distinct affirmative defense to each cause of action asserted

21

against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

22

therein, fails to the extent that Wal-Mart requested or required that Plaintiff or any member of

23

the putative class provide personal identification information where the credit card was being

24

used for a cash advance.

25

SIXTH AFFIRMATIVE DEFENSE

26

(Wal-Mart Did Not Request or Require Information as a Condition of Payment)

27

8.    As a separate and distinct affirmative defense to each cause of action asserted

28

against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

2

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  therein, is barred because Wal-Mart did not request or require that Plaintiff or any member of the

2  putative class provide personal identification information as a condition to accepting a credit

3  card as payment in full or in part for goods or services.

4  <u>SEVENTH AFFIRMATIVE DEFENSE</u>

5  (No Intent – *Bona Fide* Error)

6      9.    As a separate and distinct affirmative defense to each cause of action asserted

7  against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

8  therein, is barred because to the extent any violation occurred, which Wal-Mart denies, any such

9  violation was not intentional and resulted from a *bona fide* error made notwithstanding Wal-

10  Mart's maintenance of procedures adopted to avoid that error.

11  <u>EIGHTH AFFIRMATIVE DEFENSE</u>

12  (Consent or Authorization)

13      10.    As a separate and distinct affirmative defense to each cause of action asserted

14  against it, Wal-Mart alleges that Plaintiff is barred from recovery because Plaintiff expressly or

15  by her conduct approved, authorized, ratified, permitted, voluntarily provided or consented to the

16  alleged wrongful acts or conduct.

17  <u>NINTH AFFIRMATIVE DEFENSE</u>

18  (Sufficiency of Class Action)

19      11.    As a separate and distinct affirmative defense to each cause of action asserted

20  against it, Wal-Mart alleges that this action cannot be maintained as a class action, and relief on a

21  class-wide basis is not appropriate because Plaintiff has failed to allege and cannot prove the

22  facts and prerequisites necessary for the maintenance of a class action, including but not limited

23  to typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class

24  representative and class counsel, or predomination of common fact and/or damages questions.

25  <u>TENTH AFFIRMATIVE DEFENSE</u>

26  (Action Controlled Entirely By Attorneys)

27      12.    As a separate and distinct affirmative defense to each cause of action asserted

28  against it, Wal-Mart alleges Plaintiff is simply lending her name to the instant litigation, which is

3

WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

LA/298721

1  entirely controlled by purported "class" counsel, thereby making the maintenance of this action

2  as a class action improper.

3  ELEVENTH AFFIRMATIVE DEFENSE

4  (Estoppel)

5  13.  As a separate and distinct affirmative defense to each cause of action asserted

6  against it, Wal-Mart alleges that Plaintiff is barred from recovery under the doctrine of estoppel.

7  TWELFTH AFFIRMATIVE DEFENSE

8  (Waiver)

9  14.  As a separate and distinct affirmative defense to each cause of action asserted

10  against it, Wal-Mart alleges that Plaintiff, by her acts and omissions, has waived all of the

11  alleged causes of actions and claims set forth in the Complaint.

12  THIRTEENTH AFFIRMATIVE DEFENSE

13  (Statutes of Limitation)

14  15.  As a separate and distinct affirmative defense to each cause of action asserted

15  against it, Wal-Mart alleges that to the extent that Plaintiff seeks to recover on her own behalf,

16  on behalf of similarly situated consumers, for allegedly wrongful acts or omissions, the relief

17  sought by Plaintiff is barred by the applicable statutes of limitations.

18  FOURTEENTH AFFIRMATIVE DEFENSE

19  (Reasonable Form of Identification)

20  16.  As a separate and distinct affirmative defense to each cause of action asserted

21  against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

22  therein, is barred to the extent Wal-Mart requested or required that Plaintiff or any member of

23  the putative class provide a reasonable form of identification as a condition to accepting a credit

24  card as payment.

25  FIFTEENTH AFFIRMATIVE DEFENSE

26  (Legally Cognizable Injury)

27  17.  As a separate and distinct affirmative defense to each cause of action asserted

28  against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

4

WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

LA/298721

1   therein, is barred because neither Plaintiff nor any member of the putative class suffered any

2   legally cognizable or other injury or damage as a result of the conduct alleged in the Complaint.

3   SIXTEENTH AFFIRMATIVE DEFENSE

4   (Standing)

5       18.   As a separate and distinct affirmative defense to each cause of action asserted

6   against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained

7   therein, is barred because Plaintiff and some or all members of the putative class lack standing to

8   assert their alleged causes of action, in whole or in part, against Wal-Mart.

9   SEVENTEENTH AFFIRMATIVE DEFENSE

10   (Jury Trial)

11       19.   Wal-Mart alleges that Plaintiff's demand for trial by jury is barred because, under

12   California law, the right to a jury trial in civil actions is limited to actions at law and is not

13   permitted under Cal. Civ. Code §1747.08.

14   EIGHTEENTH AFFIRMATIVE DEFENSE

15   (Attorney's Fees)

16       20.   Wal-Mart alleges that the Complaint, and each and every cause of action

17   contained therein, fails to allege any facts or legal theory sufficient to entitle Plaintiff or the

18   putative class to recover attorney's fees in this action. Neither Plaintiff nor the putative class can

19   satisfy the requirements for an award of attorney's fees. Further, Plaintiff and the putative class

20   are barred from recovery of the relief requested because their causes of action are unreasonable

21   and baseless and, accordingly, Wal-Mart should recover all costs and attorney's fees incurred in

22   responding to this action.

23   NINETEENTH AFFIRMATIVE DEFENSE

24   (Injunctive Relief)

25       21.   Wal-Mart alleges that Plaintiff's demand for injunctive relief is barred because

26   injunctive relief is not available to Plaintiff under the claims alleged in the Complaint.

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

5

WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

LA/298721

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

### TWENTIETH AFFIRMATIVE DEFENSE

(Unconstitutional)

22.    As a separate and distinct affirmative defense to each cause of action asserted against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained therein, is barred because Cal. Civ. Code §1747.08 is unconstitutional to the extent it is applied in a manner that violates any constitutional protection, including without limitation:

    a.    The excessive fines clauses of the Eighth Amendment to the United States Constitution;

    b.    The due process clause of the Fourteenth Amendment to the United States Constitution;

    c.    The constitutional requirement that an entity receive fair notice of the conduct that will subject it to punishment;

    d.    The constitutional prohibition against grossly excessive punishment;

    e.    The constitutional prohibition against vague, standardless, and overbroad laws; and

    f.    The constitutional rights of free speech and free association.

### TWENTY FIRST AFFIRMATIVE DEFENSE

(Conduct was Justified, Fair and in Good Faith)

23.    As a separate and distinct affirmative defense to each cause of action asserted against it, Wal-Mart alleges that the Complaint, and each and every cause of action contained therein, is barred because Wal-Mart's alleged conduct was at all times justified, fair, and undertaken in good faith and in the exercise of a valid business purpose.

### TWENTY SECOND AFFIRMATIVE DEFENSE

(Reservation of Rights)

24.    As a separate and distinct affirmative defense to each cause of action asserted against it, Wal-Mart is informed and believes, and on that basis alleges, that there may be certain affirmative defenses available to it, of which it is unaware at this time. Wal-Mart expressly reserves the right to amend this Answer, to add, delete and/or modify affirmative defenses based

6

WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

LA/298721

1  upon legal theories, facts, and circumstances which may or will be developed through discovery

2  and/or through further legal analysis of Wal-Mart' position(s) in this litigation.

3          WHEREFORE, Wal-Mart prays that the Court enter judgment as follows:

4          1.      That Plaintiff be awarded nothing by reason of its claims, as set forth in the

5  Complaint or as otherwise asserted;

6          2.      That Wal-Mart is deemed the prevailing party in this action;

7          3.      That Wal-Mart recovers costs incurred with respect to this action;

8          4.      That Wal-Mart is granted such further and other relief as deemed just and proper.

9

10  Dated: March 16, 2011                    VENABLE LLP

11

12                                           By: _____
                                             Douglas C. Emhoff
13                                           Attorneys for Defendant
                                             Wal-Mart Stores, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

7

WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

LA/298721

029

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                          )  ss.
COUNTY OF LOS ANGELES  )

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 2100, Los Angeles, California 90067.

     On March 16, 2011, I served the foregoing document(s) described as **WAL-MART STORES, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action addressed as follows:

R. Duane Westrup, Esq.                           *Attorneys for Plaintiff, Marylynn Grikavicius*
Phillip R. Poliner, Esq.
Westrup Klick, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802-4524
Tel: 562 432-2551
Fax: 562 435-4856

[ X ]   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

[ X ]   **BY MAIL (CCP §1013(a)&(b)):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit.

[ ]    **BY OVERNIGHT COURIER:** I caused such envelope(s) to be delivered by overnight courier to the offices of the addressee(s) noted above.

[ ]    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) noted above.

[ X ]   **STATE**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]    **FEDERAL**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on March 16, 2011, at Los Angeles, California.

*Heather Edmonds*
Heather Edmonds

PROOF OF SERVICE

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# EXHIBIT C

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/09/11 | | DEPT. 58 |
| HONORABLE ROLF M. TREU                JUDGE | K MASON | DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #16        R. LEE        CA    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 4:00 pm | BC454993 | Plaintiff Counsel |
| | MARYLYNN GRIKAVICIUS | NO APPEARANCES |
| | VS | Defendant Counsel |
| | WAL-MART STORES INC | |

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE

A peremptory challenge under Section 170.6 of the Code
of Civil Procedure was filed herein on 3-4-11 by
the Plaintiff. Thd Court finds
that it was timely filed, in proper
format, and it is accepted.
The case is ordered transferred to Department One for
re-assignment. Any remaining hearings in this
department are ADVANCED TO THIS DAY AND VACATED.
Moving party is to give notice.

                    CLERK'S CERTIFICATE OF MAILING/
                        NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
this date upon each party or counsel named below bt
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 3-9-11

John A. Clarke, Executive Officer/Clerk

                    Page    1 of    2    DEPT. 58

| MINUTES ENTERED |
|---|
| 03/09/11 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/09/11 | | | | DEPT. 58
HONORABLE ROLF M. TREU | JUDGE | K MASON | | DEPUTY CLERK
HONORABLE #16 | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR
R. LEE          CA | Deputy Sheriff | NONE | | Reporter

4:00 pm | BC454993 | Plaintiff Counsel | NO APPEARANCES
| MARYLYNN GRIKAVICIUS | Defendant Counsel |
| VS
| WAL-MART STORES INC |

**NATURE OF PROCEEDINGS:**

By: _____

        K MASON, Deputy

MARK L. VAN BUSKIRK, ESQ.
444 W OCEAN BLVD., SUITE 1614
LONG BEACH, CA. 90802

Page    2 of   2    DEPT. 58

```
MINUTES ENTERED
03/09/11
COUNTY CLERK
```

032

1  R. Duane Westrup, State Bar No. 58610
   Mark L. Van Buskirk, State Bar No. 190419
2  WESTRUP KLICK, LLP
   444 West Ocean Boulevard, Suite 1614
3  Long Beach, California 90802-4524
   Telephone: (562) 432-2551
4  Facsimile: (562) 435-4856

**FILED**
SUPERIOR COURT OF CALIFORNI
COUNTY OF LOS ANGELES

5  Attorneys for Plaintiff MARYLYNN GRIKAVICIUS

MAR 0 7 2011

John A. Clark          Clerk
By _____          ent
GLORIETTA ROBINSON

6

7

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 FOR THE COUNTY OF LOS ANGELES

12

13  MARYLYNN GRIKAVICIUS, individually )    Case Number: BC 454993
    and on behalf of others similarly      )
14  situated,                              )    The Honorable Rolf M. Treu
                                           )    Department 58
15              Plaintiff,                 )
                                           )    **CLASS ACTION**
16         vs.                             )
                                           )    **NOTICE OF DESIGNATION OF NON-**
17  WAL-MART STORES, INC., a               )    **COMPLEX AND ASSIGNMENT FOR**
    Delaware corporation, and DOES 1       )    **ALL PURPOSES**
18  through 200, inclusive,                )
                                           )
19              Defendants.                )
                                           )
20  _____ )    Complaint Filed: February 14, 2011
                                           )
21

22      **PLEASE TAKE NOTICE THAT** on February 22, 2011, the Court designated this

23  case as being non-complex and reassigned the case to the Honorable Rolf M. Treu, in

24  Department 58, of the Superior Court of Los Angeles located at 111 North Hill Street, Los

25  Angeles, California, for all further proceedings.   Any party objecting to the non-complex

26  designation must file an objection and proof of service in Department 324 within ten (10)

27  days of service of this notice. Any response to the objection must be filed in Department 324

28  within seven (7) days of service of the objection.

-1-

**NOTICE OF CASE ASSIGNMENT**

1        A true and correct copy of the Court's February 22, 2011 minute order is attached

2    hereto and marked as Exhibit A.

3    Dated: March 4, 2011                        WESTRUP KLICK, LLP

4

5                                            By: _____

6                                                MARK L. VAN BUSKIRK
                                                 Attorneys for Plaintiff and the
                                                 Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**NOTICE OF CASE ASSIGNMENT**

1   R. Duane Westrup, State Bar No. 58610
    Mark L. Van Buskirk, State Bar No. 190419

2   WESTRUP KLICK, LLP
    444 West Ocean Boulevard, Suite 1614

3   Long Beach, California  90802-4524
    Telephone: (562) 432-2551

4   Facsimile: (562) 435-4856

5   Attorneys for Plaintiff MARYLYNN GRIKAVICIUS

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 0 7 2011

John A. Clarke, ~~Executive Officer/Clerk~~
By _____, Depu~~ty~~
    GLORIETTA ROBINSON

6

7

8

9

10             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF LOS ANGELES**

12

| | |
|---|---|
| 13  MARYLYNN GRIKAVICIUS, individually )<br>and on behalf of others similarly )<br>14  situated,                        )<br>15            Plaintiff,    )<br>16         vs.                     )<br>17  WAL-MART STORES, INC., a    )<br>    Delaware corporation, and DOES 1  )<br>18  through 200, inclusive,         )<br>19          Defendants.    )<br>20                         )<br>21 | Case Number: BC 454993<br><br>The Honorable Rolf M. Treu<br>Department 58<br><br>**CLASS ACTION**<br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE**<br><br>**CMC Date**:<br>Date:   May 26, 2011<br>Time:   8:30 a.m.<br>Dept:   58<br><br>Complaint Filed: February 14, 2011 |

22        **PLEASE TAKE NOTICE THAT** a Case Management Conference has been scheduled for

23  May 26, 2011, at 8:30 a.m. in Department 58 of the Los Angeles County Superior Court, located at 111

24  N. Hill Street, Los Angeles, California 90012.

25        Pursuant to California Rules of Court, Rules 3.720-3.730, a completed Case Management

26  Statement must be filed with the Court at least 15 calendar days prior to the Case Management

27  Conference.

28

-1-

**NOTICE OF CASE ASSIGNMENT**

1    A true and correct copy of the Notice of Case Management Conference is attached hereto

2  and marked as Exhibit A.

3  Dated: March 4, 2011               WESTRUP KLICK, LLP

4

5                         By:

6                         MARK L. VAN BUSKIRK
Attorneys for Plaintiff and the Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**NOTICE OF CASE ASSIGNMENT**

036

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Mark L. Van Buskirk<br>WESTRUP KLICK, LLP<br>444 W. Ocean Blvd., Suite 1614<br><br>Long Beach, CA 90802<br>562/432-2551 | 190419 | |

ATTORNEY FOR (Name):  Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 North Hill Street
Los Angeles, California 90012

PLAINTIFF: Marylynn Grikavicius, etc.,

DEFENDANT: Wal-Mart Stores, Inc., etc., et al.,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 0 4 2011

John A. Clarke         Clerk
By_____  Deputy
GLORIETT ROBINSON

| AFFIDAVIT OF PREJUDICE<br>PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BC454993 |
|---|---|

**BY FAX**

| Name of Judicial Officer<br>Rolf M. Treu | Dept./Div. Number<br>58 |
|---|---|
| [X] Judge     [ ] Commissioner     [ ] Referee | |

I am a party (or attorney for a party) to this action or special proceeding.  The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

| Date:<br>February 28, 2011 | Signature of Declarant | Mark L. Van Buskirk, Atty<br>(Name of Party)<br>[X] Plaintiff      [ ] Cross Complainant<br>[ ] Defendant      [ ] Cross Defendant |
|---|---|---|

LACIV 015 (Rev. 01/07)
LASC Approved 04-04

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

Code Civ. Proc., § 170.6
LA-C015

**PROOF OF SERVICE**

1

2        At the time of service I was over 18 years of age and not a party to this action. My business address is 444 West Ocean Boulevard, Suite 1614, Long Beach, California 90802-4524.

3

4        On March 4, 2011, I served the following documents described as **AFFIDAVIT OF PREJUDICE PEREMPTORY CHALLENGE TO JUDICIAL OFFICER.** I served the documents on all interested parties, as follows:

5

Wal-Mart Stores, Inc.
6    c/o CT Corporation
818 W. Seventh Street
7    Los Angeles, California 90017

8        The documents were served by the following means (specify):

9   a. ☐   **By Personal Service.** I caused the documents to be personally delivered to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to
10   the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in
11   charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between
12   the hours of eight in the morning and six in the evening.

13   b. ☒   **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above. I placed the envelope for collection
14   and mailing, following our ordinary business practice. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same
15   day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage
16   fully prepaid. I am employed in the county were the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

17

18        I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.
19

20   Date: March 4, 2011

21                                              JAMES VELOFF

22

23

24

25

26

27

28

●                              ● **FILED**       58

LOS ANGELES SUPERIOR COURT

| NOTICE SENT TO: | FILE STAMP |
|---|---|
| Westrup, R. Duane, Esq.<br>Westrup Klick, LLP<br>444 West Ocean Blvd., Suite 1614<br>Long Beach,      CA  90802-4524 | FEB 23 2011<br>JOHN A. CLARKE, CLERK<br>*Robert E. Lee*<br>BY ROBERT E. LEE, DEPUTY |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| MARYLYNN GRIKAVICIUS | CASE NUMBER |
|---|---|
| Plaintiff(s),<br>VS. | BC454993 |
| WAL-MART STORES INC<br>Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: <u>DUANE WESTRUP, ESQ.</u>

You are ordered to appear for an Order to Show Cause Hearing on <u>April 19, 2011</u> at <u>8:30 am</u> in  Dept. 58  of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:  ALL DEFENDANTS**

-

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room  |02   at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the  premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: <u>February 23, 2011</u>

**ROLF M. TREU**
_____
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: **February 23, 2011**

John A. Clarke, EXECUTIVE OFFICER/CLERK

By  *Robert Lee*  , Deputy Clerk

ITL/4/82-/32A

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)                                          LASC Local Rules, Chapter 7
LASC Approved 06-04                                              Cal. Rules of Court, rule 2.30



ORIGINAL FILED

NOTICE SENT TO:

Westrup, R. Duane, Esq.
Westrup Klick, LLP
444 West Ocean Blvd., Suite 1614
Long Beach,      CA  90802-4524

FILE STAMP
FEB 2 3 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| MARYLYNN GRIKAVICIUS | Plaintiff(s), | BC454993 |
| VS. | | |
| WAL-MART STORES INC | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _May 26, 2011_ at _8:30 am_ in _Dept. 58_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _February 23, 2011_

**ROLF M. TREU**
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _February 23, 2011_

John A. Clarke, Executive Officer/Clerk

by _Robert Lee_, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action.  My business address is 444 West Ocean Boulevard, Suite 1614, Long Beach, California 90802-4524.

On March 4, 2011, I served the following documents described as **NOTICE OF CASE MANAGEMENT CONFERENCE.**  I served the documents on all interested parties, as follows:

Wal-Mart Stores, Inc.
c/o CT Corporation
818 W. Seventh Street
Los Angeles, California 90017

The documents were served by the following means (specify):

a. [ ]   **By Personal Service.**  I caused the documents to be personally delivered to the persons at the addresses listed above.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

b. [X]   **By United States Mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above.  I placed the envelope for collection and mailing, following our ordinary business practice.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am employed in the county were the mailing occurred.  The envelope or package was placed in the mail at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Date: March 4, 2011

_JAMES VELOFF_

58

● ●  **FILED**
LOS ANGELES SUPERIOR COURT

NOTICE SENT TO:                                          FILE STAMP

Westrup, R. Duane, Esq.                          **FEB 23 2011**
Westrup Klick, LLP
444 West Ocean Blvd., Suite 1614               JOHN A. CLARKE, CLERK
Long Beach,       CA  90802-4524                 *Robert E. Lee*
                                                 BY ROBERT E. LEE, DEPUTY

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| MARYLYNN GRIKAVICIUS | | CASE NUMBER |
| | Plaintiff(s), | BC454993 |
| VS. | | |
| WAL-MART STORES INC | | **NOTICE OF CASE** |
| | Defendant(s). | **MANAGEMENT CONFERENCE** |

---

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  May 26, 2011  at  8:30 am  in  Dept. 58
at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 23, 2011                              **ROLF M. TREU**
                                                     Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personaly giving the party notice upon filing the complaint.
Date: February 23, 2011

                                                     John A. Clarke, Executive Officer/Clerk

                                                     by    *Robert Lee*           , Deputy Clerk

LACIV 132 (Rev. 09/07)                               Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                  LASC Local Rules, Chapter Seven

**042**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/22/11 | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS       JUDGE | A. MORALES       DEPUTY CLERK |
| HONORABLE       JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE       Deputy Sheriff | NONE       Reporter |

| 8:30 am | BC454993 | Plaintiff Counsel | NO APPEARANCES |
| | MARYLYNN GRIKAVICIUS | | |
| | VS | Defendant | |
| | WAL-MART STORES INC | Counsel | |
| | NON-COMPLEX 2-22-11 | , | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Rolf M. Treu in Department 58 at
Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 58 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of   2   DEPT. 324

MINUTES ENTERED
02/22/11
COUNTY CLERK

FX-A

043

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/22/11 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC454993 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MARYLYNN GRIKAVICIUS VS WAL-MART STORES INC | Defendant Counsel | |
| | NON-COMPLEX 2-22-11 | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
02-22-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 02-22-11

John A. Clarke, Executive Officer/Clerk

By: _____ **TANAYA LEWIS**
             TANAYA LEWIS

WESTRUP KLICK, LLP
R. Duane Westrup, Esq.
444 West Ocean Boulevard, Suite 1614
Long Beach, CA. 90802-4524

Page   2 of   2   DEPT. 324

| MINUTES ENTERED |
|---|
| 02/22/11 |
| COUNTY CLERK |

044

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is 444 West Ocean Boulevard, Suite 1614, Long Beach, California 90802-4524.

On March 4, 2011, I served the following documents described as **NOTICE OF DESIGNATION OF NON-COMPLEX AND ASSIGNMENT FOR ALL PURPOSES.** I served the documents on all interested parties, as follows:

Wal-Mart Stores, Inc.
c/o CT Corporation
818 W. Seventh Street
Los Angeles, California 90017

The documents were served by the following means (specify):

a. ☐  **By Personal Service.** I caused the documents to be personally delivered to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

b. ☒  **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above. I placed the envelope for collection and mailing, following our ordinary business practice. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county were the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 4, 2011

JAMES VELOPF

045

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4
    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

5
    On **March 17, 2011**, I served the foregoing document(s) **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action addressed as follows:

6

7
R. DUANE WESTRUP, ESQ.              *Attorneys for Plaintiff, Marylynn Grikavicius*
PHILLIP R. POLINER, ESQ.

8
WESTRUP KLICK, LLP
444 WEST OCEAN BOULEVARD, SUITE 1614

9
LONG BEACH, CA 90802-4524
TEL: 562 432-2551

10
FAX:  562 435-4856

11

12
☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

13
☑    **BY MAIL (FRCP 5(b)(2)(C)):**  I am readily familiar with the firm's practice of
14
collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century
15
Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

16
☐    **BY OVERNIGHT DELIVERY  (FRCP 5(b)(1)(F)):**  I am readily familiar with the
17
firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by
18
Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was
19
executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

20

21
    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **March 17, 2011,** at Los Angeles, California.

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 2314 RGK (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X]  **Western Division** | [ ]  **Southern Division** | [ ]  **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARYLYNN GRIKAVICIUS, individually and on behalf of others similarly situated

**DEFENDANTS**
WAL-MART STORES, INC, a Delaware Corporation, and DOES 1 through 200, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
R. Duane Westrup (SBN 58610)
Westrup Klick, LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802
(562) 432-2551

**Attorneys** (If Known)
Douglas C. Emhoff (SBN 151049)
Justin J. Lowe (SBN 223847)
Jennifer Levin (SBN 252420)
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 229-9900

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ >5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Song-Beverly Credit Card Act claim. This matter is removed from California Superior Court under 28 U.S.C. Section 1453 and 1446, based on diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **CV11-2314**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV 11-01635 PA (PJWx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware; Arkansas |

(c) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date March 17, 2011

DOUGLAS C. EMHOFF

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com